UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-60580-CIV-BLOOM/VALLE

**ANTHONY MAZZEO**,

    Plaintiff,

v.

**NATURE'S BOUNTY, INC.**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant's Motion to Dismiss, ECF No. [34], Plaintiff's Amended Complaint, ECF No. [31], for Failure to State a Claim and for Lack of Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court is fully advised and had the benefit of oral argument, *see* ECF No. [45]. Following a careful review of the record, the parties' briefs, and the applicable law, the Court finds as follows:

### I.   Background

Plaintiff filed this class action on March 5, 2014, alleging that Defendant sells a variety of supplements that make false and misleading claims that are likely to deceive reasonable consumers. Plaintiff alleges that Defendant misrepresents the true nature and/or benefits of its "Flush Free Niacin," including because the label states that the Flush Free Niacin "promotes heart health." *See* ECF No. [31] at 2 (showing image of label). The parties explain that Flush Free Niacin is a derivative form of Niacin—Niacin is commonly used as a prescription to treat cardiovascular diseases. Flush Free Niacin is distinctive in that it does not result in the flushing of the skin, a common side effect of taking Niacin. Plaintiff alleges that Flush Free Niacin "does not promote heart health." *Id.* at 3. Plaintiff's First Amended Complaint pleads five counts: 1)

violation of Florida Deceptive and Unfair Trade Practices Act (FDUTPA), 2) breach of express warranty, 3) violation of the Magnuson-Moss Warranty Act (MMWA), 4) negligent misrepresentation, and 5) unjust enrichment.

**II.     Legal Standard**

The Court finds that the standard under Fed. R. Civ. P. 8(a)(2), not 9(b), applies here because none of Plaintiff's claims sound in fraud. "FDUTPA claims can be based on deceptive or unfair practices that do not involve fraud . . . and need not be pled with particularity." *SIG, Inc. v. AT&T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1195 (S.D. Fla. 2013). Similarly, "it appears to be the rule that a claim for unjust enrichment is subject to Rule 9(b) only if it is premised on fraud." *U.S. v. Gericare Medical Supply Inc.*, No. CIV.A.99-0366-CB-L, 2000 WL 33156443, at *10 (S.D. Ala. 2000). Fraud is not part of claims for breach of implied warranty for fitness for a particular purpose, breach of express warranty, and a violation of the Magnuson-Moss Warranty Act (MMWA).

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

### III. Discussion

Defendant states six grounds for dismissal.[1] The Court need only address two of these arguments because the Court's ruling on the issue of whether Plaintiff fails to plausibly allege that the statement "promotes heart health" is false and misleading merits dismissal of all but one of the counts in the Amended Complaint without prejudice. The remaining issue, whether the express warranty claim fails for the lack of privity of contract, merits dismissal of the express warranty count with prejudice.

### A. Plaintiff's breach of express warranty claim

Defendant argues that because courts within the Eleventh Circuit repeatedly have held that a claim for breach of express warranty requires privity of contract, Plaintiff's claim fails

---

[1] Defendant also raises a standing argument in a footnote, which "the wrong place for substantive arguments on the merits of a motion." *Brady v. Medtronic, Inc.*, Civil Action No. 13-cv-62199-RNS, 2014 WL 1377830, *8 n.1 (S.D. Fla. Apr. 8, 2014) (quoting *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 935 (N.D. Cal. 2008)). The Court accordingly will not consider this argument.

3

because he alleges he bought Flush Free Niacin from Walgreen's Pharmacy, a third-party retailer. ECF No. [34-1] at 22-23 (citing *Witt v. Howmedica Osteonics Corp.*, No. 13-cv-20742, 2013 WL 6858395, at *3 (S.D. Fla. Dec. 30, 2013) (dismissing express warranty claim for lack of privity); *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1265–67 (N.D. Fla. 2012) (applying rule to dismiss warranty claims brought by consumer who purchased product from retailer, rather than defendant manufacturer); *Fields v. Mylan Pharm., Inc.*, 751 F. Supp. 2d 1257, 1259 (N.D. Fla. 2009) (same); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (same); *O'Connor v. Kawasaki Motors Corp., U.S.A.*, 699 F. Supp. 1538, 1543–44 (S.D. Fla. 1988) (same)).

Plaintiff responds that "a degree of uncertainty persists" on this issue under Florida law, and "there is an exception to this rule where the warranty is addressed to and intended for the ultimate consumer" involving "foodstuffs." *See* ECF No. [35] at 13 (citing *Smith v. Wm. Wrighley Jr. Co.*, 663 F. Supp. 2d 1336 (S.D. Fla. 2009)). The Court disagrees with the Plaintiff's argument that the dietary supplement in question constitutes a "foodstuff."

Plaintiff also argues that even if privity were required, it exists here because Defendant made direct representations to Plaintiff. This argument is unavailing because the Court finds that, as alleged, any contact between Defendant and Plaintiff does not rise to the level of "substantial and direct contacts." *See Karhu v. Vital Pharmaceuticals*, No. 13-60768-CIV, 2013 WL 4047016, *7 (S.D. Fla. Aug. 9, 2013) (citing Florida law and explaining that a claim for an express warranty on a dietary supplement label required "substantial and direct contacts" in order to create privity). Accordingly, this claim is dismissed with prejudice.

## B. Whether Plaintiff plausibly alleges that the statement "promotes heart health" is false or misleading

Defendant argues that Plaintiff must allege scientific facts to show that Flush Free Niacin does not support or encourage heart health *in any way*. Defendant points out that Plaintiff relies exclusively on three sources—(a) a February 2013 press release from a competitor company, (b) a March 2007 interview article with a doctor in Wisconsin, and (c), a September 2006 article by a doctor in Philadelphia concerning one patient. Defendant contends these sources are insufficient to show the statement "promotes" heart health is false or misleading. Defendant explains that (a) the study cited in the press release focuses exclusively on high cholesterol patients, (b) the interview article does not cite to any scientific studies, and (c) the article only addresses one patient.

Plaintiff responds that the press release cites to a scientific study that concluded that "[i]f [Flush Free Niacin] is not bioavailable, then it does not even have vitamin benefit much less lipid benefit and it is unethical to sell it as a supplement with these health claims." ECF No. [35] at 5-6. Plaintiff also argues that the article "demonstrates that reasonable consumers, including consumers being featured in case studies, are not aware that Flush Free Niacin is not nicotinic acid, but rather is a non-bioavailable substance that should not be promoted by Defendant as promoting heart health." *Id.* at 6. Plaintiff explains that the article recounts a case study in which a patient who was prescribed niacin in order to treat a coronary artery disease mistakenly took Flush Free Niacin because "he had seen it in his pharmacy and reasoned that it was simply a cheaper version of the prescription medication," which did not work. *Id.*

Deciding this issue requires examining the scope of the label's statement "promotes heart health." The sources upon which Plaintiff relies do raise some doubts about the efficacy of Flush Free Niacin to treat high cholesterol, but because this is a dietary supplement, as with almost all

5

dietary supplements, the label also contains the statement: "not intended to diagnose, treat, cure or prevent any disease." Furthermore, the three sources do raise some doubt about whether Flush Free Niacin is as effective as standard Niacin, and as the article title suggests, "*may be benefit-free*," but Plaintiff's Amended Complaint does not sufficiently allege why Plaintiff believes the product he consumed did not provide him with *any* promotion of heart health.

The court's holding in *Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5206103 (S.D. Fla. Sept. 13, 2013), is instructive. In *Toback*, the court dismissed, under Rule 8(a)(2), a FDUTPA complaint targeting a GNC supplement, TriFlex Vitapak, which claimed to "promot[e] joint health and function." In so holding, the court explained that because that the plaintiff's allegation that the supplement "did not repair his cartilage, or in other words that it did not function as advertised" lacked the requisite factual allegations because the plaintiff's "allegations regarding the inefficacy of glucosamine and chondroitin simply fail to address the efficacy of the TriFlex Vitapak's multifarious composition in promoting joint health." *Id*. at *5-*6. The court further reasoned that the plaintiff failed to explain why he believed the product he consumed did not repair his cartilage or otherwise elaborate upon the allegation, and without more, the allegation that the supplement did not function as advertised was merely a threadbare legal conclusion. *See id.* at *6.

Plaintiff's Amended Complaint similarly fails to allege how "promotes heart health" is a misrepresentation as a false and misleading claim, other than repeated conclusory assertions that it does not have *any* heart-related benefits. Although Plaintiff argues that Flush Free Niacin, contains one sole ingredient, inositol hexanicotinate, which is a version of vitamin B3, and is not the nicotinic acid version that actually does promote heart health, Plaintiff's Amended Complaint

does not explain why he believes the product he consumed did not promote *his* heart health or otherwise elaborate on the allegation.

Accordingly, dismissal of the remaining counts without prejudice is merited.

### IV.     Conclusion

Being fully advised, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss, **ECF No. [34]**, is **GRANTED**;

2. Count II (Breach of Express Warranty) is **DISMISSED WITH PREJUDICE**;

3. All remaining counts are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is **GRANTED** leave to amend these claims;

4. Plaintiff shall file an Amended Complaint on or before **November 24, 2014**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of November, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record